FILED
CLERK, U.S. DISTRICT COURT
09/21/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

DESMON ANTHONY MARTINEZ,

Defendant.

ED CR No. 5:22-cr-00223-SSS

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Distribution of Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm without Serial Numbers; 21 U.S.C. § 853, 18 U.S.C. § 924, 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about November 10, 2020, in Riverside County, within the Central District of California, defendant DESMON ANTHONY MARTINEZ knowingly and intentionally distributed at least five grams, that is, approximately 27.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about January 12, 2021, in Riverside County, within the Central District of California, defendant DESMON ANTHONY MARTINEZ knowingly possessed ammunition, namely, approximately 40 rounds of Wolf .223 Remington caliber ammunition, in and affecting interstate and foreign commerce.

Defendant MARTINEZ possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Carry a Concealed Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court of the State of California, County of Orange, case number 08NF2357, on or about February 9, 2009;

2. Possess a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Orange, case number 14NF0244, on or about April 29, 2015; and

3. Possess a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Orange, case number 15NF1013, on or about April 29, 2015.

COUNT THREE

[18 U.S.C. § 922(o)(1)]

On or about January 12, 2021, in Riverside County, within the Central District of California, defendant DESMON ANTHONY MARTINEZ knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, an M16-type, 5.56mm NATO caliber, privately made firearm, bearing no serial number (commonly referred to as a "ghost gun"), which defendant MARTINEZ knew to be a machinegun.

COUNT FOUR

[26 U.S.C. § 5861(d)]

On or about January 12, 2021, in Riverside County, within the Central District of California, defendant DESMON ANTHONY MARTINEZ knowingly possessed a firearm, namely, an M16-type, 5.56mm NATO caliber, privately made firearm, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, namely, approximately 7-11/16 inches in length, which defendant MARTINEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant MARTINEZ in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT FIVE

[26 U.S.C. § 5861(i)]

On or about January 12, 2021, in Riverside County, within the Central District of California, defendant DESMON ANTHONY MARTINEZ knowingly possessed a firearm, namely, an M16-type, 5.56mm NATO caliber, privately made firearm, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, namely, approximately 7-11/16 inches in length, which defendant MARTINEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two and Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Four and Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

Christina Shay for SMG

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office